MARTIN J. MCCUE, (# 018849)
PATRICK F. KEERY, (# 030971)

**KEERY MCCUE, PLLC**
6803 EAST MAIN STREET, SUITE 1116
SCOTTSDALE, AZ 85251
TEL. (480) 478-0709
FAX (480) 478-0787
MJM@KEERYMCCUE.COM
PFK@KEERYMCCUE.COM
*PROPOSED ATTORNEYS FOR DEBTOR*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>**HUFFERMEN, INC.**<br><br>Debtor. | Case No. 2:18-bk-14369-MCW<br><br>Chapter 11<br><br>**EMERGENCY MOTION FOR AN ORDER: (A) AUTHORIZING PAYMENT OF UNPAID PRE-PETITION WAGES, SALARIES, REIMBURSEMENT OF EXPENSES AND EMPLOYEE BENEFITS; AND (B) DIRECTING ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS** |

Huffermen, Inc. ("**Debtor**" or "**Huffermen**"), as debtor and debtor-in-possession in the above-entitled Chapter 11 proceeding, hereby moves this Court for an Order; (a) authorizing the Debtor to pay unpaid pre-petition wages, salaries, reimbursement of expenses and employee benefits; and (b) directing all banks to honor pre-petition checks for payment of such pre-petition employee obligations (the "**Motion**").

A motion for an expedited hearing on this matter has been filed simultaneously herewith as payments to employees are due to be disbursed. The payment of employees requested herein is essential to Debtor's business operations, as it is necessary to maintain employee morale and

-1-
MOTION FOR AN ORDER: (A) AUTHORIZING PAYMENT OF UNPAID PRE-PETITION WAGES, SALARIES, REIMBURSEMENT OF EXPENSES AND EMPLOYEE BENEFITS; AND (B) DIRECTING ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS

Case 2:18-bk-14369-MCW    Doc 23    Filed 11/27/18    Entered 11/27/18 18:33:48    Desc
Main Document    Page 1 of 8

because a failure to make payroll on time would likely result in the loss of employees, as well as a severe hardship to those employees. This Motion is supported by the entire record before the Court, the "Declaration of Ross Dodson in Support of Chapter 11 Petition and First Day Accelerated Motions" (the "**Dodson Declaration**"), and the attached Memorandum of Points and Authorities, which is incorporated herein by this reference.

DATED this 26th day of November, 2018.

**KEERY MCCUE, PLLC**

By: /s/ *Patrick F. Keery* (#030971)
Patrick F. Keery, Esq.
*Proposed Attorneys for Debtor*

-2-
MOTION FOR AN ORDER: (A) AUTHORIZING PAYMENT OF UNPAID PRE-PETITION WAGES, SALARIES, REIMBURSEMENT OF EXPENSES AND EMPLOYEE BENEFITS; AND (B) DIRECTING ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS

Case 2:18-bk-14369-MCW    Doc 23    Filed 11/27/18    Entered 11/27/18 18:33:48    Desc
Main Document    Page 2 of 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION AND VENUE

1. Huffermen, Inc., an Arizona Corporation ("**Huffermen**"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 26, 2018 ("**Petition Date**").

2. Ross Dodson ("**Mr. Dodson**") is the president, director and majority shareholder of the Debtor.

3. Mr. Dodson is operating Debtor and managing Debtor's assets as debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108. This Court has jurisdiction over this Chapter 11 proceeding under 28 U.S.C. §§ 157 and 1334. These matters constitute core proceedings under 28 U.S.C. § 157(b)(2).

4. Debtor is an Arizona corporation with its principal place of business located in Phoenix, Maricopa County, Arizona. Accordingly, venue of the Debtor's Chapter 11 proceeding is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested in this Motion are Bankruptcy Code §§ 105(a), 363(a)(4) and 507(a)(5).

## II. FACTUAL BACKGROUND

6. Huffermen is owned and operated by Mr. Dodson and Eric Miller ("**Mr. Miller**"). Mr. Dodson owns 75% of the outstanding shares in Debtor and Mr. Miller owns the remaining shares.

7. Huffermen is in the business of plastic bottle manufacturing and advertising specialties printing and has been in operation since 2000.

8. Huffermen was formed on September 15, 2000 for the purpose of manufacturing and selling plastic products. Huffermen has thirty-seven (37) full-time employees (including Mr. Dodson and Mr. Miller) and no part-time employees.

9. Mssrs. Dodson and Miller intend to continue to operate Huffermen and to reorganize under Chapter 11 of the Bankruptcy Code.

-3-
MOTION FOR AN ORDER: (A) AUTHORIZING PAYMENT OF UNPAID PRE-PETITION WAGES, SALARIES, REIMBURSEMENT OF EXPENSES AND EMPLOYEE BENEFITS; AND (B) DIRECTING ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS

Case 2:18-bk-14369-MCW    Doc 23    Filed 11/27/18    Entered 11/27/18 18:33:48    Desc
Main Document    Page 3 of 8

10. The employees perform a variety of critical functions, including the operation of Huffermen's business, as well as performing tasks related to client relations, customer service, sales, shipping, administrative, accounting, supervisory, and other tasks. The employees' skills, labor and their knowledge and understanding of industry and more specifically, Huffermen's operations are essential to the effective restructuring of the Debtor's business. Without the continued services of the employees, an effective restructuring of the Debtor will not be possible.

11. If pre-petition compensation is not received by the employees in the ordinary course, they will suffer extreme personal hardship and in many cases will be unable to pay their basic living expenses. Such a result obviously would destroy employee morale and result in unmanageable employee turnover, causing immediate and pervasive damage to the Debtor's ongoing business operations. Any significant deterioration in morale at this time will substantially and adversely affect the Debtor and its ability to reorganize, and result in immediate and irreparable harm to the Debtor and its estate.

12. The relief requested in this Motion will reduce significantly the administrative burden that might otherwise be imposed in this Chapter 11 case. The compensation and reimbursement amounts that the Debtor seeks to pay to the employees constitute priority claims under Bankruptcy Code §507(a)(4) to the extent of $12,850.00 per employee.

13. Because all of the employees are engaged in the Debtor's general operations and are paid hourly, the Debtor anticipates that all accrued pre-petition obligations owing to individual employees will be substantially less than the statutory cap of $12,850.00 per employee for priority treatment provided by §507(a)(4).

14. In addition to the direct compensation, the Debtor also reimburses employees for expenses incurred and pays certain third parties for services rendered as "employee benefits." These sums may reflect both pre- and post-petition benefits, and, as with the payment of employee earnings, the funding of these benefit obligations is essential to the retention of employees and to the Debtor's operations.

-4-
MOTION FOR AN ORDER: (A) AUTHORIZING PAYMENT OF UNPAID PRE-PETITION WAGES, SALARIES, REIMBURSEMENT OF EXPENSES AND EMPLOYEE BENEFITS; AND (B) DIRECTING ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS

Case 2:18-bk-14369-MCW    Doc 23    Filed 11/27/18    Entered 11/27/18 18:33:48    Desc
Main Document    Page 4 of 8

15. Debtor's request to pay employees does not include payment of wages to insiders, Mr. Miller or Mr. Dodson, or any terminated or departing employees of Debtor.

### III. RELIEF REQUESTED

By this Motion, the Debtor requests that this Court enter an Order pursuant to §§105(a) and 507(a)(4) of the Bankruptcy Code, authorizing the Debtor to pay or otherwise honor various employee-related pre-petition obligations of the Debtor to or for the benefit of current and/or former employees (collectively, the "**Employees**"), as would be the normal procedure for the Debtor. All of these payments are ordinary payments of wages and do not contain any extraordinary or atypical payments to employees.

For the reasons set forth herein, the Debtor respectfully submits that it is in the best interests of the Estate for this Court to authorize the Debtor to make such payments and honor obligations owed to, or for the benefit of the Employees. These obligations (the "**Pre-Petition Employee Obligations**") include, without limitation: (a) unpaid pre-petition wages, fees, salaries, bonuses, commissions, holiday and vacation pay and sick leave pay earned prior to the petition date; (b) workers' compensation claims arising before the petition date; (c) reimbursable business expenses incurred before the petition date; and (d) other employee benefit claims arising before the petition date, including without limitation, claims for payroll and withholding taxes, payments pursuant to garnishment orders, and miscellaneous other benefits. While Debtor does not know the exact amount of the Pre-Petition Employee Obligations,[1] Debtor believes the amounts reflected in **Exhibit A** (attached hereto) are indicative of such amounts.

Debtor also seeks authority to pay any and all local, state, and federal withholding and payroll related taxes relating to the pre-petition periods including, but not limited to, all withholding taxes, Social Security taxes and Medicare taxes. *See City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92 (3rd Cir. 1994) (state law requiring debtor to withhold city income taxes from its

---

[1] Debtor's next pay period is from November 21, 2018 through December 1, 2018 and are payable on December 7, 2018. Given that the pay period is not yet complete, the pay schedule attached as Exhibit A reflects the payroll to Employees for the pay period immediately prior to the current pay period and Debtor does not expect any significant deviation in amounts owing to employees.

-5-
MOTION FOR AN ORDER: (A) AUTHORIZING PAYMENT OF UNPAID PRE-PETITION WAGES, SALARIES, REIMBURSEMENT OF EXPENSES AND EMPLOYEE BENEFITS; AND (B) DIRECTING ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS

Case 2:18-bk-14369-MCW    Doc 23    Filed 11/27/18    Entered 11/27/18 18:33:48    Desc
Main Document    Page 5 of 8

employees' wages create a trust relationship between debtor and the city for payment of withheld taxes).

Finally, Debtor seeks an Order directing all banks to honor pre-petition checks for payment of the Pre-Petition Employee Obligations.

## IV. LEGAL ARGUMENT

Sections 507(a)(4) and (a)(5) of the Bankruptcy Code give priority up to $12,850.00 per individual for pre-petition claims for wages, salaries, vacation, and sick leave, and claims for contribution to Employee Benefit plans. The Debtor estimates that most, and likely all of, the pre-petition employment obligations are entitled to priority under §§507(a)(4) and (a)(5) as each employee-claimant is owed less than $12,850.00. Payments to §§507(a)(4) and (a)(5) creditors in full, as of the plan's effective date are a requirement for any Chapter 11 Plan of Reorganization. 11 U.S.C. §1129(a)(9)(B). Accordingly, the Bankruptcy Code requires the Debtor to follow the requirements of §§507(a)(4) and (a)(5) in formulating its Chapter 11 Plan before presenting the plan to its creditors and the Court.

Moreover, under the "necessity of payment" rule, first enunciated by the Supreme Court in *Miltenberger v. Logansport, C. & S.W.R. Co.*, 106 U.S. 286 (1882), a bankruptcy court may use its §105 equitable powers to permit a debtor-in-possession to pay pre-petition claims when payment is necessary to effectuate a successful reorganization. *See In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3rd Cir. 1981) (necessity of payment doctrine "teaches no more than, if payment of a claim which arose prior to reorganization is essential to the continued operation of the [business] during the reorganization, payment may be authorized even if it is made out of the corpus").

Also, Section 105(a) provides "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). Bankruptcy courts have repeatedly relied upon §105(a) as authority for granting motions for approval of pre-petition salary and wages. *See e.g., In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989) (§105(a) allows for approval of payment for employees' claims for pre-petition wages,

-6-
MOTION FOR AN ORDER: (A) AUTHORIZING PAYMENT OF UNPAID PRE-PETITION WAGES, SALARIES, REIMBURSEMENT OF EXPENSES AND EMPLOYEE BENEFITS; AND (B) DIRECTING ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS

Case 2:18-bk-14369-MCW    Doc 23    Filed 11/27/18    Entered 11/27/18 18:33:48    Desc
Main Document    Page 6 of 8

salaries, medical benefits and business expense claims).

The Bankruptcy Court for the District of Arizona has, in previous cases, utilized its §105 powers to authorize the payment of pre-petition employee claims when, as in this case, nonpayment or delay would damage a company's business or ability to reorganize. *See In re McCulloch Corp.*, No. 99-0074-TUC-JMM (Bankr. D. Ariz. January 11, 1999); *see also In re Unison Healthcare Corp.*, 98-06583-PHX-GBN (D. Ariz. September 5, 1998).

Other courts have also permitted debtors-in-possession to pay pre-petition wage, salary, expense and benefit claims if payment of such claims was necessary to effectuate a successful reorganization. *See In re Gulf Air, Inc.*, 112 B.R. 152 (Bankr. W.D.La. 1989) (authorizing debtor-in-possession to pay pre-petition employee wages and benefits, and health, life and workers' compensation insurance premiums); *see also In re Chateaugay Corp.*, 80 B.R. 279 (S.D.N.Y. 1987) (affirming order authorizing debtor to pay certain pre-petition wages, salaries, employee reimbursement expenses and benefits, including payment on workers' compensation claims).

The relief requested in this Motion is necessary and should be authorized under §105. The Employees are vital to the continued operation of the Debtor's business and to its successful reorganization. Authorization to pay the pre-petition Employee obligations is necessary to maintain the Employees' morale and to prevent many of them from suffering extreme personal hardship or from seeking other employment. Accordingly, the relief sought herein is consistent with §§ 105(a) and 507(a) of the Bankruptcy Code.

Moreover, the Debtor's payment of the Pre-Petition Employee Obligations to Employees in the ordinary course of business should neither prejudice general unsecured creditors nor materially affect Debtor's estate, because §§ 507(a)(4) and (a)(5) priority claims would already be entitled to payment in full under a reorganization plan. *See* 11 U.S.C. § 1129(a)(9)(B).

Debtor seeks to pay the Pre-Petition Employee Obligations and to continue the post-petition funding of its employee benefits packages. Such action, if authorized, however, should not be deemed to be an assumption or adoption of any agreement or policy providing such coverage.

-7-
MOTION FOR AN ORDER: (A) AUTHORIZING PAYMENT OF UNPAID PRE-PETITION WAGES, SALARIES, REIMBURSEMENT OF EXPENSES AND EMPLOYEE BENEFITS; AND (B) DIRECTING ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS

Case 2:18-bk-14369-MCW    Doc 23    Filed 11/27/18    Entered 11/27/18 18:33:48    Desc
Main Document    Page 7 of 8

**WHEREFORE**, Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just and proper.

**DATED** this 26th day of November, 2018.

**KEERY MCCUE, PLLC**

By: /s/ *Patrick F. Keery* (# 030971)
Patrick F. Keery, Esq.
*Proposed Attorneys for Debtor*

**COPY** of the foregoing served
via email to:

Office of U.S. Trustee
230 North First Ave., Suite 204
Phoenix, AZ 85003-1706
Email: ustpregion14.px.ecf@usdoj.gov

By: /s/ Mollie Thompson

-8-
MOTION FOR AN ORDER: (A) AUTHORIZING PAYMENT OF UNPAID PRE-PETITION WAGES, SALARIES, REIMBURSEMENT OF EXPENSES AND EMPLOYEE BENEFITS; AND (B) DIRECTING ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS

Case 2:18-bk-14369-MCW    Doc 23    Filed 11/27/18    Entered 11/27/18 18:33:48    Desc
Main Document    Page 8 of 8